IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS FOUST, et al.,<br>  Petitioner,<br> v.<br>THE UNITED STATES OF AMERICA,<br>  Respondent. | No. C 10-80273 CRB<br>No. C 10-80204 CRB<br>No. C 11-80005 CRB<br><br>**ORDER GRANTING MOTIONS TO DISMISS PETITIONS TO QUASH** |

  Petitioner Douglas Foust has been attempting for some time to challenge IRS summonses issued to various banks at various times in apparent furtherance of the IRS's efforts to assess his tax liability. He has had difficulty complying with his obligations to make those challenges, as will be discussed in more detail below. Presently before the Court are two Motions to Dismiss Petitions to Quash. Those Motions (dkts. 4 & 6 in 10-80273 and dkt. 4 in 11-80005) are GRANTED. The Petitions are DISMISSED. The parties issued the summonses are to COMPLY forthwith.

**I. BACKGROUND**

  IRS Special Agent Jeffrey Maurice is investigating Foust's tax liability for the years 2004 through 2008. The government claims that Foust was using family members and associates to conceal his income and assets during those years. During the course of the

1 investigation, the IRS issued two sets of summonses in mid-August 2010.[1]  Maurice Decl. ¶¶
2 4, 8.  Foust timely challenged these summonses via a Petition to Quash but did <u>not</u> comply
3 with his obligation to serve the IRS.  On November 5, this Court issued an Order granting the
4 government's Motion to Dismiss because of Foust's failure to provide proper service to the
5 IRS.  Nov. 5, 2010 Order (dkt. 22 in 10-80204); 26 U.S.C. § 7609(b)(2)(B).  This Court
6 issued a Judgment in the government's favor on November 8, 2010.  Judgment (dkt. 23 in
7 10-80204).

8 Petitioner did two things on November 8, 2010.  First, he filed a Notice of Appeal.[2]
9 Second, he again filed a Petition to Quash, this time properly serving the IRS.  Pet. to Quash
10 (dkt. 1 in 10-80273).  On December 8, 2010, the IRS served notice on Foust that it had issued
11 a new summons to Chase Bank.  Foust responded by filing a Petition to Quash that summons
12 on January 12, 2011. Pet. to Quash (dkt. 1 in 11-80005).

13 The government argues that both Petitions to Quash (made in cases 10-80273 and 11-
14 80005) were filed outside the 20-day limit set forth in 26 U.S.C. § 7609(b)(2) and that,
15 accordingly, this Court lacks jurisdiction to entertain them.  In addition, the government
16 argues that, in any case, enforcement of the summonses is warranted.  The Court agrees with
17 the government on both points.

18 **II.    LEGAL STANDARD**

19 The target of an IRS investigation can challenge a summons issued by the government
20 to a third-party.  26 U.S.C. § 7609.  Any such challenge must be commenced "not later than
21 the 20th day after the day [] notice is given [informing him that summonses have been
22 issued] . . . ."  § 7609(b)(2)(A).  To have a summons enforced after it has been challenged in
23 a petition to quash, the IRS must establish four "good faith" factors.  <u>United States v. Powell</u>,
24 379 U.S. 48, 57-58 (1964).  Those factors are that (1) the investigation will be conducted

---

[1] Those summonses were issued to Wells Fargo Bank, N.A.; U.S. Bank, N.A.; Union Bank N.A.; JP Morgan Chase Bank, N.A.; Citibank, N.A.; Valley Community Bank; Bank of America, N.A.; Fremont Bank; Comerica Bank; El Dorado Savings Bank, Merrill Lynch, Pierce, Fenner & Smith, Inc. and FIA Card Services NA.

[2] Foust failed to perfect his appeal, and the Ninth Circuit issued its mandate dismissing that appeal on January 31, 2011.

pursuant to a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the information sought is not already in the government's possession; and (4) the administrative steps required by law have been satisfied, in particular that the government has determined, after investigation, that further examination is necessary and has notified the taxpayer of such in writing. Id.

A taxpayer may challenge the summons on any legitimate ground, and the Court may inquire into the underlying reason the summons was issued. Id. If the summons was issued for an improper purpose, "such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation," the Court can decline to enforce the summons. Id. The burden of showing that it would be an abuse of the court's process to enforce a summons falls on the taxpayer. Id.

## III. DISCUSSION

### A. This Court Lacks Jurisdiction

The government argues that Foust has failed to challenge the summonses within twenty days, as required by 26 U.S.C. § 7609(b)(2)(A). Furthermore, the government asserts that, because this window was missed, this Court lacks jurisdiction to hear the case. The government is right. See Mollison v. United States, 568 F.3d 1073, 1075 (9th Cir. 2009).[3]

### B. Even If the Court Has Jurisdiction, The Summonses Should Be Enforced

The IRS may issue summonses for the purposes of (1) ascertaining the correctness of a return; (2) making a return where one has not been made; (3) determining tax liability; and/or (4) inquiring into an offense connected with the administration or enforcement of the

---

[3] Foust started the proceedings attacking the initial set of summonses within twenty days of receiving notice. If the Court tolled the time during those proceedings, Foust's re-challenge on November 8, 2010 would be timely. Foust does not make an equitable tolling argument. Even if he did, such argument would be unpersuasive. The requirements of section 7609 are jurisdictional and thus not subject to tolling. Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir. 1985) (section 7609's requirements are jurisdictional); John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 137-38 (2008) (statutes already deemed to be jurisdictional remain so notwithstanding general presumption that equitable arguments are available even in suit against government); Marley v. United States, 567 F.3d 1030, 1035 (9th Cir. 2008) (previous precedent precluded use of equitable estoppel); Mollison, 568 F.3d at 1075 (describing the notice requirements of section 7609 as jurisdictional in nature).

internal revenue laws. <u>Donaldson v. United States</u>, 400 U.S. 517, 523-24 (1971). No summons may be issued by the IRS if a Department of Justice ("DOJ") "referral" is in effect as to the subject of the summons.[4]

If no referral is in effect, the IRS is entitled to enforcement of its summons if it meets the <u>Powell</u> good faith requirements. The government can show compliance with the <u>Powell</u> factors by way of a declaration from the investigating agent, and the burden on the government is low to ensure that the enforcement powers of the IRS are not unduly restricted. <u>Liberty Fin. Serv. v. United States</u>, 778 F.2d 1390, 1392 (9th Cir. 1985). If the government meets its minimal burden, the burden shifts to the petitioner to show an abuse of process – that the summons was issued in bad faith for an improper purpose. To meet this burden, the "taxpayer must allege specific facts and evidence to support his allegations" of an improper purpose. <u>Id.</u> The burden on a taxpayer seeking to rebut the government once it has established a prima facie case is a "heavy one." <u>United States v. Jose</u>, 131 F.3d 1325, 1328 (9th Cir. 1997). It would also be an "improper purpose" to issue a summons after the IRS has decided to refer the matter to the DOJ. "[G]athering evidence after having decided to make a recommendation for prosecution would be an improper purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances." See also <u>Crystal v. United States</u>, 172 F.3d 1141, 1144 (9th Cir. 1999).

Here, Special Agent Maurice's Declaration meets the government's *prima facie* burden because (1) the purpose of the investigation is legitimate in that "Foust has not filed income tax returns since 1991" and he "has made extensive use of nominees, including family members and associates, to conceal his income and assets during the taxable years in question," Maurice Decl. ¶ 3(b), (d); (2) the inquiry is relevant to the purpose of the

---

[4] A DOJ referral is in effect with respect to any person if (i) "the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person." 26 U.S.C. § 7602(d). A request under § 6103(h)(3)(B) is made "if the Secretary receives a written request from the Attorney General, the Deputy Attorney General, or an Assistant Attorney General for a return of, or return information relating to, a person named in such request . . . ."

4

investigation, see generally id.; (3) the government does not already have the information it is seeking, id. ¶ 11; and (4) all administrative steps required by law were taken, id. ¶ 10.

Foust asserts that a DOJ referral was in place at the time the summonses were issued, in violation of 26 U.S.C. § 7602(d); see also Crystal, 712 F.3d at 1144.  The basis for Foust's argument that a DOJ referral was in place seems to be that, at the time the administrative summonses were sent out, one or more search warrants had been issued for his residence.  Opp'n to Mot. to Dismiss.  But the fact that warrants were issued does not established a DOJ referral.  Without more, it does not show that the Secretary recommended criminal prosecution to the DOJ or that the Attorney General requested information from the Secretary.  Foust has the burden of establishing that the IRS's summonses are improper.  Powell, 379 U.S. 48, 58.  He has failed to meet this burden by showing nothing more than that search warrants were issued.[5]

## IV. CONCLUSION

For the foregoing reasons, the government's Motions to Dismiss Foust's Petitions to Quash are GRANTED.

**IT IS SO ORDERED.**

Dated: May 6, 2011

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

---

[5] Shortly before the hearing on the government's motions to dismiss, Foust submitted a Supplement of Exhibits. Dkt. 44 in 10-80204. The supplemental exhibit is a 1996 DOJ Opinion Letter regarding DOJ participation in the IRS's Undercover Review Committee. Section II.C of that Opinion Letter provides that a "referral" occurs "where a limited aspect of the case is referred by the IRS to the DOJ for purposes of DOJ representing the IRS in court for a specific purpose, such as . . . to enforce a summons . . . ." Foust argues that this Opinion Letter shows that a referral is in place here. Foust is mistaken for two primary reasons. First, the Opinion Letter concerns DOJ participation in the IRS's Undercover Review Committee. There is no evidence that this matter concerns the IRS's Undercover Review Committee. Second, even if the Opinion Letter does apply, the DOJ has not appeared in court to enforce a summons. It is true that counsel of record for the government is an Assistant United States Attorney. However, she is representing the IRS, not the DOJ. Indeed, Foust's reading of the Opinion Letter would mean that the IRS could never have an AUSA appear to challenge a petition to quash because AUSA's are technically employees of the DOJ.